1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

PERRY JOSEPH WOODS,

             Plaintiff,

    v.

SCHULTZ, et. al.,

             Defendants.

_____/

1:05-cv-00423-AWI-GSA (PC)

FINDINGS AND RECOMMENDATION TO PROCEED WITH 5TH AMENDMENT CLAIM(S) AND TO DISMISS 4TH AMENDMENT CLAIM(S)

(Doc. 22)

## I.    FINDINGS

### A.    Procedural History

Perry Joseph Woods ("plaintiff") is proceeding pro se and in forma pauperis. At the time of filing his original complaint, in March of 2005, plaintiff was a federal prisoner in custody at the United States Penitentiary Atwater, ("U.S.P. Atwater") in Atwater, California – where the acts he complains of occurred. On June 27, 2006 plaintiff lodged an amended complaint which was filed on July 13, 2006.

Plaintiff was transferred from U.S.P. Atwater: on February 9, 2005 to Federal Corrections Institute in Victorville, California; on July 10, 2005 to the Federal Transfer Center in Oklahoma City, Oklahoma; and on July 21, 2005 to U.S.P. Florence, Colorado. On September 25, 2006,

1

plaintiff filed a notice of change of address advising the court of his current residence in the Oregon Halfway House in Portland, Oregon.

### B.      Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### C.      Summary of Plaintiff's First Amended Complaint

Plaintiff alleges claims based both on his Fourth Amendment rights to due process and freedom from unreasonable seizure and on his Fifth Amendment right to due process.  Plaintiff names the following individuals as defendants: Captain Joseph Moorhead; Special Investigation Agent Carroll Cole, Jr.; Unit Manager Romulo Armendariz; Lieutenant Darrin McWhorter; Associate Warden Alan Booth; Assistant Warden Cathryn Gant; and Warden Paul Schultz. Plaintiff is suing all defendants in their individual capacities.

Plaintiff alleges that, while in custody at U.S.P. Atwater, on April 9, 2004 he was

removed from his prison job assignment and general population and placed in the SHU. Plaintiff

claims that his rights under the Fourth and Fifth Amendments were violated. Plaintiff alleges

that defendants Moorhead, Cole, Armendariz, and McWhorter conspired together and that

defendants Booth, Gant, and Schultz conspired together to misrepresent evidence to place

plaintiff in administrative segregation (the "SHU") without a written incident report detailing the

alleged infraction (introduction of contraband); with neither an initial placement hearing, nor

monthly review hearings (denying opportunity to present evidence, call witnesses, and have a

staff representative appointed); and that as a result of his placement in the SHU, he was unable to

work in his job assignment and to pay for and participate in a correspondence course. Plaintiff

further alleges that he was subjected to "unreasonable seizure" and that each defendant failed to

make timely correction of their error. Subsequent to his stay at U.S.P. Atwater, plaintiff was

transferred into the SHU at two other facilities. However, plaintiff does not name any

defendants, nor state any facts regarding his confinement at the subsequent facilities.

### D.   Legal Authority

#### 1.   *Fourth Amendment Claim(s)*

The Fourth Amendment to the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers,
> and effects, against unreasonable searches and seizures, shall not be
> violated, and no warrants shall issue, but upon probable cause,
> supported by oath or affirmation, and particularly describing the
> place to be searched, and the persons or things to be seized.

Plaintiff states no facts to indicate that any of his property was wrongfully taken. Thus, it

appears to the Court that plaintiff's allegation of "unreasonable seizure" applies to the movement

of his person from the general population to the SHU. The proper standard is found under the

Fifth Amendment for infringement on plaintiff's liberty interests without due process of law.

Thus, plaintiff is unable to state a cognizable claim under the Fourth Amendment.

#### 2.   *Fifth Amendment Claim(s)*

Plaintiff alleges that his placement in the SHU (without notice, hearings, and opportunity

to oppose) violated his right to procedural due process.

"[T]he Due Process Clause of the Fifth Amendment subjects the federal government to

3

constitutional limitations that are the equivalent of those imposed on the states by the Equal Protection Clause of the Fourteenth Amendment."  Consejo De Desarrollo Economico De Mexicali, A. C.  v. United States, 482 F.3d 1157, 1170 n.4 (9th Cir. 2007) (citing to Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693 (1954)).

The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  "States may under certain circumstances create liberty interests which are protected by the Due Process Clause."  Sandin v. Conner, 515 U.S. 472, 483-84 (1995).  Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin, 515 U.S. at 484.

When a prisoner faces disciplinary charges, prison officials must provide the prisoner with (1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate.  See Wolff v. McDonnell, 418 U.S. 539, 563-70 (9th Cir. 1974); see also Superintendent v. Hill 472 U.S. 445, 454 (1985); Neal v. Shimoda, 131 F.3d 818, 830-31 (9th Cir. 1997); Walker v. Sumner, 14 F.3d 1415, 1419-20 (9th Cir. 1994); McFarland v. Cassady, 779 F.2d 1426, 1428 (9th Cir. 1986).

"When prison officials limit a prisoner's right to defend himself they must have a legitimate penological interest."  Koenig v. Vannelli, 971 F.2d 422, 423 (9th Cir. 1992) (per curiam) (concluding that prisoners do not have a right to have an independent drug test performed at their own expense).  The right to call witnesses may legitimately be limited by "the penological need to provide swift discipline in individual cases . . . [or] by the very real dangers in prison life which may result from violence or intimidation directed at either other inmates or staff."  Ponte v. Real, 471 U.S. 491, 495 (1985); see also Mitchell v. Dupnik, 75 F.3d 517, 525

4

(9ᵗʰ Cir. 1996); Koenig, 971 F.2d at 423; Zimmerlee v. Keeney, 831 F.2d 183, 187-88 (9ᵗʰ Cir. 1987)(per curiam).

"[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board . . . ." Hill, 472 U.S. at 455; see also Touissaint v. McCarthy, 926 F.2d 800, 802-03 (9ᵗʰ Cir. 1991); Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9ᵗʰ Cir. 1989); Jancsek, III v. Oregon bd. Of Parole, 833 F.2d 1389, 1390 (9ᵗʰ Cir. 1987); Cato v. Rushen, 824 F.2d 703, 705 (9ᵗʰ Cir. 1987); see especially Burnsworth v. Gunderson, 179 F.3d 771, 774-74 (9ᵗʰ Cir. 1999) (where there is no evidence of guilt may be unnecessary to demonstrate existence of liberty interest.)  However, the "some evidence" standard does not apply to original rules violation report where a prisoner alleges the report is false.  Hines v. Gomez, 108 F.3d 265, 268 (9ᵗʰ Cir. 1997).

Plaintiff alleges that Moorhead, Cole, Armendariz, McWhorter, Booth, Gant, and Schultz misrepresented evidence as a pretext for his transfer and retention in the SHU and that he was subsequently denied any hearing(s) – both as to his initial placement and continued retention in the SHU.  Thus, plaintiff has stated cognizable claims against these defendants for violation of his procedural due process rights.

However, a liberty interest does not arise even when administrative segregation imposes "severe hardships," such as "denial of access to vocational, educational, recreational, and rehabilitative programs, restrictions on exercise, and confinement to [one's] cell for lengthy periods of time." See Hewitt v. Helms 459 U.S. 460, 468 n. 4 (1983); Clark v. Brewer, 776 F.2d 226, 228-30 (8th Cir.1985) (due process clause itself does not create liberty interest notwithstanding the fact that conditions in "close management" are significantly more harsh than conditions in general population); see also McFarland v. Cassady, 779 F.2d 1426, 1427-28 (9th Cir.1986) (Supreme Court in Hewitt held that due process clause does not give inmate liberty interest in remaining in general population).  Toussaint v. McCarthy, 801 F.2d 1080, 1091-92 (9ᵗʰ Cir. 1986).  Thus, plaintiff's claims that his placement in the SHU caused him to be unable to retain his job assignment and to participate in and pay for his correspondence course are not, separate and apart from his procedural due process claims, cognizable as a constitutional

violation.

### 3.   *Conspiracy Claim(s)*

An actionable <u>Bivens</u> conspiracy claim requires (1) the existence of an express or implied agreement among the defendants to deprive the plaintiff of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement.  <u>Ting v. United States</u>, 927 F.2d 1504, 1512 (9th Cir. 1991).  Plaintiff alleges that Moorhead, Cole, Armendariz, and McWhorter conspired together and that Booth, Gant, and Schultz conspired together to misrepresent evidence as a pretext for his transfer and retention in the SHU and that he was subsequently denied any hearings in violation of his rights to procedural due process under the Fifth Amendment.  Thus, plaintiff has stated a cognizable conspiracy claim against defendants Moorhead, Cole, Armendariz, McWhorter, Booth, Gant, and Schultz.

## II.   RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.   This action proceed on plaintiff's first amended complaint lodged on June 27, 2006, and filed on July 13, 2006, against defendants: Captain Joseph Moorhead; Special Investigation Agent Carroll Cole, Jr.; Unit Manager Romulo Armendariz; Lieutenant Darrin McWhorter; Associate Warden Alan Booth; Assistant Warden Cathryn Gant; and Warden Paul Schultz for conspiracy and violation of his rights to procedural due process under the Fifth Amendment of the United States Constitution; and

2.   Plaintiff's claims under the Fourth Amendment of the Untied States Constitution be dismissed for failure/inability to state a claim.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district court's order. Martinez v.

6

1   Ylst, 951 F.2d 1153 (9th Cir. 1991).

2

3   IT IS SO ORDERED.

4   **Dated:   April 24, 2008**                 **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28